Freeman, J.,
delivered tbe opinion of tbe court:
Tbis is an action on a promissory note, payable at Branch Bank, o-f Tennessee, at Sparta, made by defendant, Thomas B. Swan, payable to George Dawson, or order, indorsed by him to John Crooks, and by him to tbe bank. Said note was made payable four months after datei, and dated February 5, 1862.
The pleas were nil debet, payment, and a special plea by tbe indorsers of want of demand and notice- of the dishonor of the note.
Payment of the note was not demanded, nor notice of the dishonor given to- the indorsers till 29th of September, 3866.
The only excuse shown for the delay is, that no notary public had been appointed by county court of White county till July, 1866, and that it was some time before the secretary of state would commission the party elected.
*819 The theory on which the plaintiff rests his case, is, that the note could not be dishonored, nor notice given to indorsers of such dishonor, except through the agency of a notary public, and that the bank was compelled to wait, and could be guilty of no laches until said officer shall be appointed by the court.
We need but say that such a theory has no foundation in any known rule of the law merchant in reference to promissory notes. The demand might have been made by any one as agent of the holder, or by the holder. And notice given by the holder of the dishonor, as required by law, if proven by any competent evidence of the fact, would have been equally as effective to fix the liability of the indorsers as that given by a notary. The only advantage of having the demand made by the notary would have been the convenience of being able to make the proof of the facts necessary to fix the liability of the indorsers, furnished by the “notary’s certificate either in or on the protest that he gave notice of the dishonor of the paper by the drawer or indorser,” which is made prima facie evidence of the fact of such notice. See Code, sec. 1800.
The requirement of the law merchant as to the duty of the holder in making presentment to the payor, is very correctly stated by Judge Smith, as follows: “The duty which the holder owes the indorser requires of the holder to give willing, earnest, active and real energy ard effort to make presentment to the payor at the time prescribed by law. If such presentment be prevented or hindered by legal excuse for the same, then it must be made within a reasonable time after the hindrances are removed.” See J. J. Polk v. Spinks, 5 Cold., 433.
We need not go into an argument, nor cite authorities to show that twelve months and more after the war ended is a delay that falls far short of compliance with the principle of the rule laid down. The indorsers were clearly *820 released, and the jury haying so found, we affirm ihe judgment as to- them without hesitation.
Upon the question of payment by the makers, we have had more difficulty in arriving at a satisfactory conclusion, hut upon looking carefully into the proof and charge of the court, we conclude that the case was submitted to the jury upon that question, under a charge, erroneous, it is true, but only so in favor of the bank, and that the bank has no ground on which to complain of what errors are to be found in the directions given by the court to- the jury, and the jury having found a verdict in favor of the defendant, Swan, on the plea of payment, we cannot say that the evidence so far preponderates against the verdict as to war-Tant us in reversing the judgment, especially, since it does 'not clearly appear from the bill of exceptions that we have all the evidence given to the jury in this record before us.
Let the judgment be affirmed.